UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SONJA M.,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C23-5197-BAT<br><br>**ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ failed to address a limitation assessed by John Wolfe, Ph.D., and erroneously discounted her testimony, Dkt. 9. The Commissioner agrees the ALJ misevaluated Dr. Wolfe's opinion but argues the Court should remand for further proceedings and not benefits as Plaintiff requests. For the reasons below the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The parties agree the case should be remanded but disagree over the scope of remand. Plaintiff contends the ALJ committed two errors and argues the case should be remanded for an award of benefits. Plaintiff argues Dr. Wolfe opined Plaintiff is limited to "occasional interactions with co-workers and supervisors." Tr. 91. Dr. Renee Eisenhauer, Ph.D., a state

ORDER REVERSING AND REMANDING - 1

1  agency consultant stated, "the initial assessment of John Wolfe, PHD 10/8/2020 was considered

2  and found accurate/consistent." Tr. 118. The ALJ determined "[t]he State agency opinion is

3  mostly persuasive, but the evidence does not support a limitation to simple work nor does the

4  evidence support the claimant is unable to interact with the general public, as she reported that

5  she interacts regularly with others, goes out with others and shops in store." Tr. 24.

6       Although the ALJ gave weight to Dr. Wolfe's opinion, the ALJ failed to discuss Dr.

7  Wolfe's opinion Plaintiff is limited to occasional contact with supervisors. Instead, the ALJ

8  determined Plaintiff has the residual functional capacity (RFC) to perform work "while being

9  exposed to only occasional workplace changes and having occasional interaction with the

10 general public and coworkers." Tr. 20.  The Commissioner concedes the ALJ harmfully erred by

11 failing to address the supervisor limitation without discussion.

12      In her opening brief, Plaintiff does not contend the ALJ's error regarding Dr. Wolfe's

13 opinion compels a finding she is disabled. Rather she argues the error led to vocational expert

14 testimony about jobs Plaintiff can perform that failed to include all possible limitations. Whether

15 there are jobs Plaintiff can perform assuming inclusion of the supervisor limitation is a factual

16 determination this Court cannot make in the first instance on appeal. Rather, the impact of the

17 error must be determined in further proceedings by the ALJ on remand.

18      Plaintiff also argues the ALJ erroneously discounted her testimony regarding her

19 narcolepsy symptoms, and this error compels an award of benefits. She first argues the ALJ

20 rejected her testimony by applying a legally incorrect standard. The ALJ is responsible for

21 evaluating a claimant's testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). Once a

22 claimant shows an underlying impairment could reasonably cause some degree of symptoms, the

23

ALJ must provide clear and convincing reasons to discount a claimant's testimony, absent evidence of malingering. *Garrison v. Colvin,* 759 F.3d 995,1014 (9th Cir. 2014).

Plaintiff contends the ALJ failed to apply this standard and instead erroneously discounted her testimony as "not entirely consistent with the medical evidence and other evidence in the record." Dkt. 9 at 7 (citing Tr. 21). The Court rejects this argument. The ALJ's decision recites the two-step process above, and then states, "after careful consideration of the evidence, the undersigned finds that the claimant's severe medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 21. Having made this finding, the ALJ did not err in subsequently examining whether the medical evidence is inconsistent with Plaintiff's testimony regarding the severity of her symptoms. *See* SSR 16-3p, 2017 WL 5180304, at *9 (ALJ considers whether the claimant makes consistent statements about the claimant's symptoms and whether the claimant's statements are consistent with the medical and other evidence of record.).

Plaintiff next argues the ALJ found narcolepsy could reasonably cause the symptoms she describes but erred in finding her treatment records and physical evaluation findings do not support her claims. Dkt.9 at 8 (citing Tr. 22). In specific Plaintiff argues the ALJ erred by failing to identify any inconsistency between her testimony and the medical record and that the medical record, in fact, corroborates her testimony. Dkt. 9 at 9. Plaintiff contends her claim of daily fatigue was recorded in an August 2018 medical report that noted "fatigue all day ongoing x 1 year (Tr. 395) and that testing showed no obstructive sleep apnea but results consistent with narcolepsy. *Id.* Plaintiff's sleep problems continued and in 2021, a provider recommend Plaintiff take naps during the day, and noted Plaintiff's sleep symptoms are not well controlled. Dkt. 9 at 10 (citing Tr. 835-37). Plaintiff contends the ALJ disregarded this evidence and instead

discounted her testimony based upon normal strength and range of motion test results which are irrelevant to Plaintiff's narcolepsy. Dkt.9 at 10.

Plaintiff further argues although the ALJ noted Plaintiff functioning is limited by narcolepsy, "nothing in the ALJ's decision explains or establishes how limiting [Plaintiff] to light work would prevent daytime somnolence." *Id.*

The Commissioner concedes remand is necessary because the ALJ's decision lacks "specific, clearly articulated reasons" to discount Plaintiff's testimony about her narcolepsy symptoms and limits. Dkt. 18 at 3. However, the Commissioner disagrees this error compels remand for an award of benefits because there are conflicts in the evidence of record the ALJ must reassess on remand.

The Court agrees. The ALJ determined "the State agency medical consultants at the reconsideration level found the claimant limited to light work due to a history of narcolepsy, with daytime fatigue." Tr. 24. The ALJ also noted and rejected William Cook's M.D. September 2020 opinion Plaintiff is disabled due to narcolepsy because the opinion relied heavily upon Plaintiff's statements, and the opinion is inconsistent with Plaintiff's September 1, 2020, records which state the combination of medications Plaintiff was receiving for narcolepsy "has been effective for her." Tr. 24 referring to Exh. 7F; *see also* Exh. 7F at Tr. 654.

Plaintiff does not challenge the ALJ's evaluation of the medical evidence in her opening brief. In her reply, Plaintiff suggests, however, if the Court credits the medical record as Plaintiff interprets it as true, the record supports Plaintiff's testimony that she is unable to engage in substantial gainful work activity. This contention requires the Court to weigh and interpret the evidence because the Commissioner and Plaintiff have conflicting interpretations of the record. This is thus not a case in which the record unambiguously mandates a finding that Plaintiff is

ORDER REVERSING AND REMANDING - 4

disabled. The Court thus finds further administrative proceedings would be useful because the record is not free from conflicts, ambiguities, or gaps, all factual issues have not been resolved, and Plaintiff's entitlement to benefits is thus not clear.

The Court notes Plaintiff does not contend the ALJ erred in assessing her physical functional abilities or her mental health limitations; the Court accordingly will not disturb the ALJ's determinations as to those limitations.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reevaluate the medical and nonmedical evidence, including Plaintiff's testimony regarding her narcolepsy symptoms; develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process, with vocational expert testimony, as appropriate.

DATED this 7th day of September, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge